UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHAEL LAPHAM,**

    **Plaintiff,**

v.                                      Case No: 5:19-cv-579-Oc-34PRL

**FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION and
SOUTHWEST FLORIDA WATER
MANAGEMENT DISTRICT,**

    **Defendants.**

## ORDER

Before the court is Defendants' motion to compel the deposition of Plaintiff's expert biologist, Tyler Mosteller (Doc. 48) to which Plaintiff has responded. (Doc. 56). It appears that the main issue between the parties is whose experts should be deposed first.

Plaintiff disclosed his experts on October 2, 2020, and Defendant SWFWMD's counsel asserts that she believes that she mentioned needing deposition dates for Mr. Mosteller during a telephone call on October 12, 2020. On October 15 and October 27, Plaintiff requested to depose Defendants' expert witnesses. In response, Defendants requested dates for Mr. Mosteller's deposition and stated that his deposition should occur first since Defendants' expert biologists' opinions are in response to Mr. Mosteller's opinions. Plaintiff's counsel claims that Defendants' experts were provided Plaintiffs' experts' written reports before tendering their reports on November 9, 2020 and had the advantage of rebutting Plaintiff's experts in their reports.

Federal Rule of Civil Procedure 26 requires that expert disclosures be accompanied by a written report that contains a complete statement of the expert's opinions and basis for such

opinions; the facts or data used when forming the opinions; and any exhibits that will be used to summarize or support the opinions. Fed. R. Civ. P. 26(a)(2)(B). Rule 26 also allows a party to depose any person who has been identified as an expert only after the expert report has been provided. Fed. R. Civ. P. 26(b)(4)(A). In this case, the court doesn't see a compelling need to set a particular order in which the depositions should occur, however, to be consistent with the order of the disclosures that the parties agreed to in the case management report (doc. 24), Plaintiff's expert should be deposed first, followed by Defendants' experts.

It is unclear if the parties conferred exclusively via email or if they discussed the deposition issues over the telephone as well. Plaintiff has referenced a single phone call relating to Plaintiff's experts and referenced a series of emails exchanged discussing the scheduling of the depositions. (Doc. 56). While the court is well aware that email is a customary way of communicating, courts have interpreted "communicate" to mean "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, No. 6:98-CV-651-ORL-22A, 2000 WL 1658575 at n.1 (M.D. Fla. Aug. 14, 2000). This is noted because it seems that better communication might have eliminated the deposition issues.

Moreover, "[d]iscovery in this district should be practiced with a spirit of cooperation and civility. The district's attorneys and the court are justifiably proud of the courteous practice that is traditional in the Middle District." Middle District Discovery (2015) at 3. Cooperation, courtesy, civility—these ideals should be strived for by all parties, even the parties here, on both an individual and a collective basis. Being cooperative, courteous, and civil doesn't mean that parties can't be adversarial, or attorneys anything less than zealous advocates.

Generally, as the comments to the 2015 Amendment acknowledge, "discovery will be effectively managed by the parties." *Id.* As the comments also acknowledge, however, "there will

be important occasions for judicial management, both when the parties are legitimately unable to resolve important differences and when the parties fall short of effective, cooperative management on their own." *Id.* Although scheduling an expert's deposition is undisputedly an important issue, it is nevertheless also reasonable that the parties could have effectively resolved this issue without judicial assistance

Accordingly, Defendants' motion (Doc. 48) is granted to the extent that the parties should exchange dates for Plaintiff's expert deposition and then Defendants' experts' depositions.[1]

**DONE** and **ORDERED** in Ocala, Florida on December 3, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] The court sees no basis to award fees at this time.