UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MICHAEL LAPHAM,**

    **Plaintiff,**

v.                                                                                             Case No: 5:19-cv-579-Oc-34PRL

**FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION and
SOUTHWEST FLORIDA WATER
MANAGEMENT DISTRICT,**

    **Defendants.**

## REPORT AND RECOMMENDATION[1]

Before the court is Defendants' joint *Daubert* motion to exclude Plaintiff's expert, Diana Ibarra. (Doc. 44). The request is fully briefed with a response (Doc. 53), reply (Doc. 57), and sur-reply (Doc. 64). For the reasons discussed below, I recommend that the motion be granted in part and denied in part.

    **I.**    **BACKGROUND**

Plaintiff brings this action for disability discrimination against the Florida Fish and Wildlife Conservation Commission ("FWC") and the Southwest Florida Water Management District ("SWFMD"). (Doc. 8). Plaintiff is a paraplegic and uses a wheelchair to ambulate. (Doc. 8 ¶ 8). In November 2018, Plaintiff planned a ten-day hunting trip at Green Swamp, a wildlife management area ("WMA") in Florida. (Doc. 8, p. 3, ¶ 20). Green Swamp is a "Cooperative Area"

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

and FWC cooperatively works with SWFMD to manage it. (Doc. 8, p. 3). To hunt at a WMA, a hunting license must be obtained from FWC. (Doc. 8, p. 4). Individuals with disabilities may obtain a disabled hunting license which provides for certain accommodations, including the use of an ATV. (Doc. 8, p. 4). According to Plaintiff, FWC promulgates rules for the use of an ATV while hunting. (Doc. 8, p. 4). Plaintiff claims that he asked for an accommodation to use his ATV on certain roads at Green Swamp and was denied. (Doc. 8 ¶ 21). He also claims he was denied a request to take his ATV off-trail to hunt. (Doc. 8 ¶ 34).

Plaintiff disclosed Diana Ibarra as an ADA expert witness to opine as to the accessibility of the facilities, structures, or improvements at the Green Swamp. SWFMD contacted Plaintiff about the report and Plaintiff stipulated to not present certain opinions that Defendants' deemed unrelated. Plaintiff's counsel marked Ms. Ibarra's report and sent it back to Defendants, specifically identifying the opinions they stipulated to not presenting. Now, Defendants seek to exclude Ms. Ibarra as an expert witness because, they contend, her opinions are not relevant or helpful to the trier of fact. (Doc.44).

## II.   LEGAL STANDARD

A trial court's discretionary choice to admit expert evidence is governed by Federal Rule of Evidence 702, as explained by *Daubert* and its progeny. *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993); *Rink v. Cheminova, Inc.*, 400 F.3d 1286, 1291 (11th Cir. 2005) (footnote omitted). Under Rule 702 and *Daubert*, expert testimony is admissible if (1) the expert is qualified to testify competently, (2) the expert has used sufficiently reliable methodology in reaching a conclusion, and (3) the testimony will assist the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue. *Rink*, 400 F.3d at 1291–92.

A trial court, in its discretion, must decide whether an evidentiary hearing is necessary to determine the reliability of evidence. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Because the reliability of evidence is not at issue, an evidentiary hearing is unnecessary.

### III.  DISCUSSION

At issue is whether Ms. Ibarra's opinions will assist the trier of fact or if the opinions lack a valid scientific connection to the disputed facts and the pertinent inquiry in the case. The helpfulness prong "goes primarily to relevance." *Daubert*, 509 U.S. at 591. "The 'basic standard of relevance. . . is a liberal one,' but if an expert opinion does not have a 'valid scientific connection to the pertinent inquiry' it should be excluded because there is no 'fit.'" *Boca Raton Cmty. Hosp., Inc. v. Tenet Health Care Corp.,* 582 F.3d 1227, 1232 (11th Cir. 2009) (quoting *Daubert,* 509 U.S. at 587, 591–92). "The party offering the expert testimony has the burden of demonstrating that the testimony is 'relevant to the task at hand' and 'logically advances a material aspect' of its case." *Boca Raton Cmty. Hosp., Inc. v.*, 582 F.3d at 1232 (quoting *Daubert,* 509 U.S. at 597; *Allison v. McGhan Med. Corp.,* 184 F.3d 1300, 1312 (11th Cir. 1999)).

Plaintiff alleges that Defendants failed to accommodate his disability and denied him full and equal enjoyment of the services, programs, or activities provided by a public entity. (Doc. 8). More specifically, Plaintiff alleges that Defendants repeatedly denied his requested accommodations (1) to use his ATV on certain roads while he was hunting at the Green Swamp (as opposed to being limited to trails and firebreaks) and (2) to travel "off-trail" to "blaze a trail into the woods to hunt like an able bodied hunter." (Doc. 8, see ¶¶ 21 & 34). These denied accommodations (as alleged by the Plaintiff), determine the scope of what expert testimony is relevant and helpful.

1.     The first set of Ms. Ibarra's opinions that Defendants take issue with are about the accessibility of parking, check-in for campgrounds, route between the campgrounds and check station, route to the pavilion, route to the port-o-let, and route to the picnic table. (Doc. 44, Ex. D at 4). Plaintiff's counsel stipulated to not presenting these opinions and sent Ms. Ibarra's report to Defendants specifically outlining the items he stipulated to not using. (Doc. 53, Ex. B). In their reply, Defendants clarified that although Plaintiff agreed not to use these portions of the report, Plaintiff's counsel refused to strike those portions. (Doc. 57). Defendants now request that the portions of the report be officially stricken as to not mislead a jury.

Because Plaintiff's counsel stipulated to not using these opinions – and therefore not presenting them – the relief sought by Defendants is moot. Therefore, the request to exclude (or strike, as Defendants request) Ms. Ibarra's opinions regarding the accessibility of parking, check-in for campgrounds, route between the campgrounds and check station, route to the pavilion, route to the port-o-let, and route to the picnic table should be denied as moot.

2.     The next set of Ms. Ibarra's opinions that Defendants take issue with involve various modifications that could be made at the Green Swamp to achieve greater accessibility. Ms. Ibarra offers opinions about the following modifications: allowing Plaintiff to make an online reservation for certain desirable campsites, developing ADA transition plans and conducting self-evaluations, constructing boardwalks over wetlands, and providing additional informational and speed limit signage at the site. (Doc. 44, Ex. D at 6-7).

First, as to Ms. Ibarra's opinions regarding online reservations of certain desirable campsites, while Plaintiff generally complains about not being able to use his ATV in the campsites, he didn't actually request an accommodation to do so (or if he did it's not part of his complaint) and, more importantly with respect to the opinion itself, he doesn't complain in any

way about his ability to make a reservation or need for an accommodation to do so. He argues that he secured two experts because if the environmental expert flagged environmental issues, then the ADA expert could use an "ADA lens" to propose a modification which could still provide program or service access. While that strategy seems appropriate, it's not clear to the Court how Plaintiff's plan for his experts makes online accommodations, or some of the other opinions addressed below, relevant in this case.

Plaintiff contends that the opinions about online campsite reservations are relevant because upon a review of the campsite, it was determined that to avoid any potential environmental issues associated with Mr. Lapham driving his ATV, it would be ideal if he could reserve a campsite next to the road. (Exhibit A, p. 6). While he claims that he "was first located at one campsite that was low, and got rained out and moved his site" (see Doc. 53), he did not actually include allegations regarding the need for an accommodation to make his reservations, which is what the opinion gets at. That the Defendants could make reservations available online is irrelevant to the issues in this case, which involves the denial of Plaintiff's request to ride his ATV off-trail and on certain roads at the Green Swamp. Plaintiff's argument that having a campsite near roads he wants to travel on could avoid any environmental issues associated with ATV use does not make how a reservation is made helpful to the trier of fact about Plaintiff's claim: (again) being denied an accommodation to use his ATV on certain roads and off-trial.

Plaintiff's complaint contains no allegations relating to difficulty making a reservation. Therefore, I submit that Ms. Ibarra's opinion regarding online campsite reservations should be excluded as not relevant to the issues in this case.

Similarly, as to Ms. Ibarra's opinions about the development of ADA transition plans and conducting self-evaluations, although Plaintiff claims these are relevant because if Defendants had

a plan and performed evaluations of their services, Plaintiff's discrimination could have been avoided, these opinions (I submit) would not assist the fact finder. Although Plaintiff claims that Defendants have an affirmative obligation to develop ADA transition plans and conduct self-evaluations, Ms. Ibarra's opinions about those alleged requirements would not aid the fact finder in determining the key issue: whether Plaintiff was denied a reasonable accommodation to use his ATV as he requested. Either he was or he wasn't. The existence of a plan or evaluation that could have potentially avoided a denial of an accommodation (if such a denial is even deemed to have occurred) doesn't change the liability determination. Therefore, Defendants' request to exclude Ms. Ibarra's opinions about ADA transition plans and self-evaluations should be granted.

3. Next, as to Ms. Ibarra's opinions regarding the recommendation of the use of boardwalks, Plaintiff claims that the opinions are relevant because if, in the environmental expert's opinion, there are environmentally sensitive areas which should not be encroached upon, the use of boardwalks can be explored. Plaintiff alleged that he was prohibited from using his ATV off trail to hunt and, as a result, was severely limited to where he could set up his hunting stand. (Doc. 8, ¶ 17). Plaintiff claims that boardwalks are a potential solution to some of the environmental concerns of allowing ATV use off the trail and giving him access to other hunting positions. (Doc. 53). The opinion about the use of boardwalks is, therefore, relevant to whether a reasonable accommodation can be provided for Plaintiff to hunt off- trail. While Defendants may argue that such an accommodation is unreasonable or cost prohibitive, that isn't a reason to preclude her testimony about it. As such, the portion of Ms. Ibarra's opinions about the use of boardwalks is relevant to the issues in the case and Defendants' request to exclude them should be denied at this time.

Finally, Ms. Ibarra's opinions related to installing what can be described as informational signage on the Green Swamp (for example, signage providing directions or identifying sensitive areas) and speed limit postings on certain roads, should not (I also submit) be stricken at this time. While Plaintiff discusses his confusion about what roads were open or closed, and his frustration about a game warden scaring off the game (Doc. 53), it does seem plausible that if Defendant contends additional ATV use wasn't granted as an accommodation because of concern about certain areas, that Ms. Ibarra may be in a position to discuss the use and benefit of signage to mitigate those concerns. A similar argument could be made about the relevancy of her opinions about the benefits of additional speed limit signage on roads Plaintiff requested ATV access on. In other words, if Defendants provided testimony about issues related to having ATVs and automobiles on the same roads, for example, then her testimony about the use of speed limit signage to address those concerns might be relevant to the issue of whether a reasonable accommodation was or could have been provided.

Whether her opinions would be admitted during Plaintiff's case in chief, or only if appropriate in rebuttal, can be decided at trial. Indeed, the court is mindful that at this stage of the proceedings, it is unclear what issues will remain for the jury to determine if the case proceeds to trial. *See Comer v. Gerdau Ameristeel US Inc.*, No. 8:14-CV-607-T-23AAS, 2017 WL 192370, at *3 (M.D. Fla. Jan. 18, 2017) (finding it premature to exclude an expert opinion because "[g]iven the remaining case deadlines, including anticipated briefing of dispositive motions, it is unclear what issues can be decided by the Court pretrial versus decided by the jury at trial" and to what extent "the proposed expert testimony of [the expert] would ultimately assist the jury to understand the evidence or to determine a fact in issue"). For now, though, Defendants' motion to exclude Ms. Ibarra's opinions about signage (both informational and speed) should be denied.

### IV. RECOMMENDATION

Accordingly, it is respectfully **RECOMMENDED** that the Defendants' motion (Doc. 44) be **GRANTED** to the extent that Ms. Ibarra's opinions regarding online reservations for campsites and Defendants' lack of or need for ADA transition plans and self-evaluations be excluded, but that the motion otherwise be **DENIED** as set forth above.[2]

Recommended in Ocala, Florida on December 16, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Plaintiff's motion to file a five-page reply to the defendants' response to the plaintiff's request for an extension of time (Doc. 47) is denied as moot.