**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

MICHAEL LAPHAM,

    Plaintiff,

vs.                                   Case No. 5:19-cv-579-MMH-PRL

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION,
and SOUTHWEST FLORIDA WATER
MANAGEMENT DISTRICT,

    Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 65; Report) entered by the Honorable Phillip R. Lammens, United States Magistrate Judge, on December 16, 2020. In the Report, the Magistrate Judge recommends that Defendants' Joint Daubert Motion/Motion to Strike Plaintiff's Expert Diana Ibarra (Doc. 44; Motion) be granted in part and denied in part. See Report at 1, 8. Plaintiff Michael Lapham filed objections to the Report on December 23, 2020. See Plaintiff's Objections to Report and Recommendations (Doc. 66; Objections). On December 29, 2020, Defendants Florida Fish and Wildlife Conservation Commission and Southwest Florida Water Management District filed a joint response to Plaintiff's Objections. See Defendants' Joint

Response to Plaintiff's Objections to Report and Recommendations (Doc. 67; Response). Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993); see also 28 U.S.C. § 636(b)(1). However, the district court must review legal conclusions de novo. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); United States v. Rice, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at *1 (M.D. Fla. May 14, 2007).

Because the Court finds that the Report, with one minor clarification, is due to be adopted as the Court's opinion, the Court will not repeat the factual background or the arguments and authority addressed there. Instead, the Court writes briefly only to address Plaintiff's Objections.

Plaintiff raises two arguments in his Objections to the Report. See generally Objections. First, Plaintiff objects to what he describes as the Magistrate Judge's "Factual Finding" in the Report that Plaintiff did not allege that he requested the accommodation of using his ATV "in the campground" in his First Amended Complaint Demand for Jury Trial (Doc. 8; Complaint). See

Objections at 2–3.  In making this objection, Plaintiff explains that he seeks "to clarify the scope of th[e] factual finding"[1]

> as to Ms. Ibarra's opinions regarding online reservations of certain desirable campsites, while Plaintiff generally complains about not being able to use his ATV in the campsites, he didn't actually request an accommodation to do so (or if he did it's not part of his complaint) and, more importantly with respect to the opinion itself, he doesn't complain in any way about his ability to make a reservation or need for an accommodation to do so.

Report at 4–5.  In this regard, Plaintiff "agrees [he] did not ask to ride his ATV through the campground, except for the limited purpose to get to the named roads."  Objections at 3.  However, Plaintiff maintains that his "Complaint includes a request to be able to use his ATV at the campground"—specifically, a request for the accommodation of riding his ATV out of the campground and onto the named roads.  Id.  In other words, Plaintiff appears to read the Magistrate Judge's statement that he didn't request an accommodation to be able to use his ATV in the campground as limiting his request for accommodation to the use of his ATV only on the roads and trails but not in the campgrounds.  See id.  In their joint Response, Defendants contend that the Magistrate Judge correctly concluded that Plaintiff's "Amended Complaint is devoid of any allegation that Plaintiff requested an accommodation to use his ATV in the campsites."  See Response at 2.

---

[1] See Objections at 3.

Upon review of the Report, the record in this case, and the allegations of the Complaint, the Court concludes that Plaintiff and Defendant misconstrue the import and intent of the language to which Plaintiff objects. The statement to which Plaintiff objects appears in the Magistrate Judge's discussion of the admissibility of the proffered expert opinion regarding the need for an online reservation system for the selection of campsites. The Court does not read the Magistrate Judge's statement as limiting the claims pled in the Complaint. Rather, in determining the relevance of an opinion regarding the need for an online reservation system, the Court reads the Magistrate Judge's observation that in his Complaint Plaintiff did not include a claim that he requested an accommodation to be able to use his ATV in the campground as referring to Plaintiff not having alleged any need for an accommodation that would allow for the selection of a specific, perhaps more accessible, campsite.[2] In other words, to the extent Plaintiff argued that the expert opinion regarding a need for an online reservation system was supported by the theory that such a system would allow a person to select a campsite that would be more accessible by ATV, plaintiff did not plead any claim that he requested or required an

---

[2] In her report, Plaintiff's proffered expert, Ms. Diana Ibarra, opines "[t]he reservation system needs to provide a way for a person with a disability to have a reasonable assurance of reserving a camping space which is more level and stable surface vs. a wetter or soggy location; possibly closer to the road or to the accessible route connecting the campground to other elements on the property." See Report of Diana Ibarra (Doc. 53-1), at 6 (ECF page number).

-4-

accommodation in order to assure that when riding his ATV he would be able to physically access his assigned campsite. In the absence of such a claim, the Magistrate Judge correctly concluded that an opinion regarding any need for an online reservation system would not be helpful to the jury in this case. As such, Plaintiff's objection is due to be overruled because the language about which he complains is neither a factual finding nor does it limit the claims he raised.

To the extent Defendants seek to construe the Magistrate Judge's statement as limiting Plaintiff's claims, they do so to no avail. First, for the reasons stated above, Defendants misinterpret the meaning of the sentence in the Report. And second, a plain reading of the Complaint reflects that Plaintiff's claim has always included his request that he be able to use his ATV both to access the campgrounds and to travel from the campgrounds to the roads in the grounds. See Complaint ¶¶ 19, 21, and 30 (seeking an accommodation to use his ATV as permitted at other WMAs which accommodate the use of ATVs for disabled hunters who wish to camp onsite).

Plaintiff additionally objects to the Magistrate Judge's recommendation that the Court preclude Plaintiff's proffered expert witness from testifying as to Defendants' obligation to "perform self-evaluations" pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Objections at 3. In response, Defendants—echoing the reasoning in the Report—argue that any opinions regarding self-evaluations are neither relevant to Plaintiff's allegations nor the

issues raised in this action. See generally Response. The Court concurs with the Magistrate Judge's assessment that the opinions concerning self-evaluations will not assist the trier of fact in resolving any fact at issue in this action as required by Rule 702, Federal Rules of Evidence, and Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579 (1993) and its progeny. See Report at 6. Thus, Plaintiff's Objections are due to be overruled to the extent Plaintiff objects to the recommended exclusion of expert opinions about the need for self-evaluations.

Upon independent review of the file in this case, and for the reasons stated in the Report, the Court will accept and adopt, with the clarification explained here, the legal and factual conclusions recommended by the Magistrate Judge.

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Objections to Report and Recommendations (Doc. 66) are **OVERRULED**.

2. The Report and Recommendation (Doc. 65), as clarified here, is **ADOPTED** as the opinion of the Court.

3. Defendants' Joint Daubert Motion/Motion to Strike Plaintiff's Expert Diana Ibarra (Doc. 44; Motion) is **GRANTED**, **in part**, **and DENIED**, **in part**.

a. Defendants' Motion is **GRANTED** to the extent that the Court will not permit Plaintiff's expert, Ms. Diana Ibarra, to testify as to her opinions concerning online reservations for campsites and Defendants' lack of or need for ADA transition plans and/or self-evaluations.

b. Defendants' Motion is **DENIED** in all other respects.

**DONE AND ORDERED** in Chambers on April 6, 2021.

*[signature]*

**MARCIA MORALES HOWARD**
United States District Judge

lc27
Copies to:
Counsel of Record