UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL LAPHAM,

    Plaintiff,

v.                                             Case No: 5:19-cv-579-MMH-PRL

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION and
SOUTHWEST FLORIDA WATER
MANAGEMENT DISTRICT,

    Defendants.

## ORDER

Before the court is Plaintiff's motion to reopen discovery to depose an individual who can interpret phone records that the defendants relied on in their responses to plaintiff's motion for summary judgment. (Doc. 97). Defendants, Florida Fish and Wildlife Conservation Commission ("FWC") and Southwest Florida Water Management District ("SWFWMD"), have now filed a joint response in opposition to Plaintiff's motion. (Doc. 103).

Rule 16(b) of the Federal Rules of Civil Procedure requires the district court to issue a scheduling order that limits the time for the parties to complete discovery. *See* Fed. R. Civ. P. 16(b)(3)(A). The schedule may be modified only for good cause and with the court's consent. *See* Fed. R. Civ. P. 16(b)(4). The "good cause standard 'precludes modification [of the scheduling order] unless the schedule cannot be met despite the diligence of the party seeking the extension.'" *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1232 (11th

Cir. 2008) (alteration in original) (quoting *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998)).

Under Rule 6, "the court may, for good cause, extend the time: . . .on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). To determine whether the movant's actions constituted excusable neglect, the court must analyze: "(1) the danger of prejudice to the non-movant; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Ashmore v. Sec'y, Dep't of Transp.*, 503 F. App'x 683, 685-86 (11th Cir. 2013).

Plaintiff has not shown the requisite good cause or excusable neglect to reopen discovery. While the phone records at issue were obtained by the defendants after the close of discovery, the plaintiff could have requested the phone records at any point during the discovery period. Defendants sought to obtain the phone records after the plaintiff testified on July 27, 2020 that he called FWC from his work on November 29 or 30, 2018. The defendants and plaintiff first worked with FWC to obtain the phone records, but FWC was unable to locate any records with such a phone call. On November 17, 2020, SWFWMD issued a notice of non-party production evidencing its intent to subpoena Wells Fargo (the plaintiff's employer) for the phone records. Plaintiff initially objected to this request but later withdrew his objection.

Wells Fargo provided the phone records on February 17, 2021, nearly a month after the discovery period had ended. Plaintiff claims these records are unreliable because they show that the plaintiff made no calls on November 29, 2018, when he worked 8.66 hours. On

November 30, 2018, the plaintiff worked five hours (from 8:00 a.m. to 1:00 p.m.), and the phone records reflect eleven calls made, from 6:48 to 16:31.[1]

Although Plaintiff sought further explanation from Wells Fargo about the phone records and was told he needed another subpoena to obtain more information, he did not express his desire to depose an individual to interpret those records until filing the instant motion on April 1, 2021. Plaintiff claims that the delay in making this request was due to the records being received when there were "many looming deadlines." Additionally, the danger of prejudice to the defendants is great because all the parties have already filed their motions for summary judgment and the case's trial term begins in less than three months. *See Ashmore,* 503 F. App'x at 686 (finding no excusable neglect when the defendant would be prejudiced by additional discovery because it had already filed its motion for summary judgment).

Accordingly, Plaintiff's motion to reopen discovery (Doc. 97) is denied.

**DONE** and **ORDERED** in Ocala, Florida on April 16, 2021.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[1] Plaintiff notes that he filed an affidavit with his motion for summary judgment that outlines these inconsistencies in the phone records.