**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

MICHAEL LAPHAM,

      Plaintiff,

v.                                                                     Case No.   5:19-cv-579-MMH-PRL

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION
and SOUTHWEST FLORIDA
WATER MANAGEMENT
DISTRICT,

      Defendants.

_____

**O R D E R**

    **THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 110; Report) entered by the Honorable Philip R. Lammens, United States Magistrate Judge, on May 26, 2021.  In the Report, the Magistrate Judge recommends that Defendant Southwest Florida Water Management District's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 77) and Defendant Florida Fish and Wildlife Conservation Commission's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 78) (collectively, the "Motions") both be granted.  See Report at 11.  In addition, the Magistrate Judge recommends that Plaintiff's Motion for

Summary Judgment Against Southwest Florida Water Management District and Memorandum of Law (Doc. 76) and Plaintiff's Motion for Summary Judgment Against Florida Fish and Wildlife Conservation Commission and Incorporated Memorandum of Law (Doc. 74) both be denied as moot.  Id.  On June 9, 2021, Plaintiff Michael Lapham filed objections to the Report, see Plaintiff's Objections to Report and Recommendation (Doc. 112; Objections) and on June 23, 2021, Defendants filed a joint response to the Objections, see Defendants' Response to Plaintiff's Objections to Report and Recommendation (Doc. 113).  Thus, this matter is ripe for review.

In the Report, the Magistrate Judge recommends that the Court grant the Motions because Lapham cannot establish that he requested an accommodation as required to bring an accommodation claim under Title II of the Americans with Disabilities Act and Section 504 of the Rehabilitation Act. See Report at 11.  In the Objections, Lapham generally argues that he did request an accommodation or his need for one was obvious and that the Magistrate Judge improperly determined genuine issues of material fact that should be reserved for the jury.  See generally Objections.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b).  If no specific objections to findings of facts are filed, the district court is not required to conduct a de novo review of those findings.  See Garvey v. Vaughn, 993 F.2d

776, 779 n.9 (11th Cir. 1993); <u>see also</u> 28 U.S.C. § 636(b)(1).   However, the district court must review legal conclusions <u>de</u> <u>novo</u>.   See <u>Cooper-Houston v. Southern Ry. Co.</u>, 37 F.3d 603, 604 (11th Cir. 1994); <u>United States v. Rice</u>, No. 2:07-mc-8-FtM-29SPC, 2007 WL 1428615, at * 1 (M.D. Fla. May 14, 2007).

Because the Court finds that the Objections are due to be overruled and the Report adopted as the Court's opinion, the Court will not repeat the factual and procedural history or the arguments and authority addressed in the Report. Instead, the Court writes briefly only to address Lapham's specific objections.

In the section of the Objections titled "Plaintiff Properly Requested the Accommodation," Lapham contends that the Magistrate Judge improperly relied on Lapham's failure to fill out the Florida Fish and Wildlife Conservation's (FWC) accommodation request form in writing to find that he failed to request an accommodation entirely.   Objections at 2.   This characterization of the Magistrate Judge's findings ignores the determination in the Report that "Mr. Lapham did not make a request (on the form, in another written format, or orally) to any of the contacts listed on the form."   Report at 10.   As such, this objection is without merit.

Next, in objecting to the Magistrate Judge's conclusion that Lapham failed to request an accommodation based on his failure to comply with FWC's procedures, Lapham cites to <u>Nattiel v Fla. Dep't of Corrections</u>, No. 115CV00150WTHGRJ, 2017 WL 5774143, at *1 (N.D. Fla. Nov. 28, 2017).

Objections at 3.  In <u>Nattiel</u>, the defendant moved to dismiss a prisoner plaintiff's claims in part for failure to exhaust administrative remedies pursuant to the Prison Litigation Reform Act. <u>Nattiel v. Tomlinson</u>, No. 1:15-CV-150-WTH-GRJ, 2017 WL 5799233, at *2 (N.D. Fla. July 13, 2017), <u>report and recommendation adopted sub nom.</u> <u>Nattiel v. Fla. Dep't of Corr.</u>, No. 115CV00150WTHGRJ, 2017 WL 5774143 (N.D. Fla. Nov. 28, 2017).  By relying on <u>Nattiel</u>, Lapham fails to appreciate the differences in the procedural posture of the two cases and the significant factual distinctions.  In the cited portion of <u>Nattiel</u>, the court was addressing the defendant's objections to the court's determination that failing to complete the Florida Department of Corrections accommodation form did not constitute a failure to exhaust the administrative remedies required by the Prison Litigation Reform Act.  <u>See</u> <u>Nattiel</u>, 2017 WL 5774143, at *1.  Notably, in <u>Nattiel</u>, the plaintiff's claims stemmed from a use of force in which prison officials used chemical agents on the plaintiff, and in doing so, according to the plaintiff, failed to provide a reasonable accommodation for his asthma and partial blindness.  <u>Nattiel</u>, 2017 WL 5799233, at *2.  The specific facts alleged by the plaintiff included that prison officials knew of the prisoner's asthma and glass eye and actually "assessed him several times for whether chemical agents should be used against him."  <u>Nattiel</u>, 2017 WL 5774143, at *1.  The court determined that where prison officials "obviously knew about [the plaintiff's] disabilities and obviously

knew the concerns associated with using chemical agents on [the plaintiff]" such that they affirmatively felt the need to assess whether chemical agents should be used, "a specific demand for an accommodation may not be necessary." Id. Because the duty to provide an accommodation could, under those facts, arise without a request, submission of the state form was unnecessary to satisfy the exhaustion requirement.   Lapham's case is neither before the Court at the motion to dismiss stage, where the Court would be required to credit his allegations, nor is it before the Court on consideration of a claimed failure to exhaust administrative remedies.   Indeed, the magistrate judge in Nattiel pointed out in the report and recommendation, which the district judge adopted, that "[p]roperly making a request for accommodation under the ADA is not one of the steps necessary for an inmate to properly exhaust his administrative remedies under the Florida Administrative Code."   Nattiel, 2017 WL 5799233, at *4 (citations omitted).   More importantly, the factual distinctions between the two scenarios are significant.   Lapham points to no evidence that FWC actually had sufficient knowledge that it "felt the need to assess" or that it did "assess" whether Lapham needed the additional accommodation that he asserts he was denied.   Thus, Lapham's reliance on the court's reasoning in Nattiel is misplaced and it has no bearing on the Magistrate Judge's determination here that Lapham failed to make a request for accommodation under the ADA and that such failure is determinative.

Lapham maintains that the Magistrate Judge erroneously holds him responsible for failing to follow FWC's accommodation request procedures when FWC is at fault for failing to train its staff and make staff members aware of the "ADA process."   See Objections at 4.   In support of this argument, Lapham cites to the U.S. Department of Justice's ADA guidance for state and local governments in which it emphasizes adequate staff training.   Id. at 4-6.   This argument, which was not presented to the Magistrate Judge and is made for the first time only after entry of the Report, is untimely.   While the Court has discretion to consider such an untimely argument, it is not required to do so. Indeed, Eleventh Circuit precedent expressly provides the district court with discretion "to decline to consider a party's argument when that argument was not first presented to a magistrate judge." Williams v. McNeil, 557 F.3d 1287, 1292 (11th Cir. 2009) ("Thus, we answer the question left open in Stephens [v. Tolbert, 471 F.3d 1173, 1174 (11th Cir. 2006)] and hold that a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge."); see also Knight v. Thompson, 797 F.3d 934, 937 n.1 (11th Cir. 2015) (citing Williams for the proposition that "district courts have discretion to decline to consider arguments that are not presented to the magistrate judge"); Lodge v. Kondaur Capital Corp., 750 F.3d 1263, 1274 (11th Cir. 2014) (citing Williams for the proposition that "a district court, in reviewing an R&R, has discretion to decline to consider a party's

argument that was not first presented to a magistrate judge"). In consideration of the record and the arguments presented to the Magistrate Judge, the Court declines to consider Lapham's newly raised argument which is premised on a document not presented to the Magistrate Judge. As such, Lapham's objection to the Report based on FWC's purported failure to adequately train its staff is due to be overruled.[1]

Lapham contends that the caselaw cited by the Magistrate Judge is distinguishable because unlike the cases cited in the Report, FWC was on notice that Lapham had a disability and needed an accommodation. See Objections at 5-7. Lapham suggests that because FWC granted Lapham an accommodation by way of an AMP license, it knew that Lapham was disabled and needed additional accommodations beyond those already provided. However, Lapham cites to no authority supporting the contention that where

---

[1] Even if the Court were to consider this argument, the guidance document on which Lapham relies in his objection to the recommendations in the Report does not constitute legal authority. Indeed, the Department of Justice specifically states:

> [t]his guidance document is not intended to be a final agency action, has no legally binding effect, and may be rescinded or modified in the Department's complete discretion, in accordance with applicable laws. The Department's guidance documents, including this guidance, do not establish legally enforceable responsibilities beyond what is required by the terms of the applicable statutes, regulations, or binding judicial precedent.

See U.S. Dep't of Justice, ADA Update: A Primer for State and Local Governments, (2015) available at https://www.ada.gov/regs2010/titleII_2010/title_ii_primer.html. As such, Lapham's argument is unavailing and if the Court were to consider the objection on the merits it would still find the objection is due to be overruled.

an individual requests a specific accommodation and is granted the accommodation he requests, an entity would nevertheless be liable for having failed to identify and provide additional accommodations not even requested. The Court finds that the Magistrate Judge properly applied the relevant authority.

In the section titled, "Mr. Lapham Complied with the Cryptic Process to Request Accommodation," Lapham complains that the language used in FWC's accommodation request form is vague and does not specify that Paul Clemons is the only person he could contact to request an accommodation. See Objections at 7-8. Because Lapham asserts the form is unclear, he appears to suggest that the Magistrate Judge should have excused him from complying with FWC's procedure for requesting accommodations. However, again, Lapham cites to no authority in support of this argument and his disagreement with the accommodation request process alone does not support a determination that the recommendation set forth in the Report is in error.

Lapham titles his next objection, "The Request was formally made, and Defendants had an Opportunity for a Meaningful Review of the Reasonableness of the Accommodations." See Objections at 9-11. In support, Lapham cites to two cases from the District of Maryland, Proctor v. Prince George's Hosp. Ctr., 32 F. Supp. 2d 820 (D. Md. 1998) and Falls v. PG Hosp. Ctr., No. CIV.A. 97-1545, 1999 WL 33485550 (D. Md. Mar. 16, 1999). He argues that these cases

Case 5:19-cv-00579-MMH-PRL   Document 114   Filed 08/27/21   Page 9 of 14 PageID 10532

show that the Magistrate Judge erred in failing to find Arrie Gibson's prior complaint regarding FWC's "limited accommodations" was sufficient to provide FWC a meaningful opportunity to review any future requests for additional accommodations.  See Objections at 9-11.  However, the courts in Proctor and Falls discussed notice of prior complaints in the context of determining the existence or sufficiency of evidence of "intentional" discrimination such that compensatory damages would be available.  See Falls, 1999 WL 33485550, at *10; Proctor, 32 F. Supp. 2d at 829.  In neither case did the courts consider whether a prior complaint obviated the need for a request for accommodation. As such, these cases are unpersuasive under the circumstances presented here.

Lapham further contends that the Magistrate Judge "Improperly Finds the Three Individuals Mr. Lapham Requested the Accommodations from had no Authority to Grant the Accommodations."  See Objections at 11, 17-18. Upon review of the record, the Court notes that FWC offered undisputed evidence that these employees had no such authority.  See Declaration of Paul Clemons (Doc. 78-1) at 6-7.  Viewing the evidence in the light most favorable to the nonmoving party does not permit the Court to ignore uncontradicted evidence that is unfavorable to that party.  The Magistrate Judge did not err in finding that "[t]he FWC employees that Mr. Lapham encountered during his hunting trip at the Green Swamp did not have the authority to grant or deny him the additional accommodation of riding his ATV in areas prohibited by the

rules." See Report at 10.   The cases referenced by Lapham in the Objections to suggest that there is a dispute as to this factual matter relate to failures to accommodate deaf patients or prisoners in the care or custody of the defendant and discuss circumstances and legal issues wholly distinct from those before the Court here.   See Objections at 11-17 (citing McCullum v. Orlando Reg'l Healthcare Sys., Inc., No. 6:11-CV-1387-ORL-31, 2013 WL 1212860, at *3 (M.D. Fla. Mar. 25, 2013), aff'd, 768 F.3d 1135 (11th Cir. 2014); Sunderland v. Bethesda Hosp., Inc., 686 F. App'x 807 (11th Cir. 2017); Pierce v. D.C., 128 F. Supp. 3d 250 (D.D.C. 2015); Robertson v. Las Animas Cnty. Sheriff's Dep't, 500 F.3d 1185 (10th Cir. 2007)).   As such, they are unavailing.

In McCullum, the court considered whether the plaintiffs were entitled to compensatory damages and accordingly whether the defendant acted intentionally or with bad faith.   McCullum, 2013 WL 1212860, at *3.   The court granted the defendants' motion for summary judgment concluding that "[d]eliberate indifference cannot be inferred simply because D.F. is deaf and Defendants failed to provide an interpreter when none was requested."   Id. at *4.   Lapham contends that while the court in McCullum found that the medical staff did not know of the patient plaintiff's need for an accommodation, the Eleventh Circuit more recently suggested in Sunderland that courts should take a broader approach in determining whether staff members had knowledge of the need for an accommodation and the authority to grant one.   See

Objections at 13-14.  In <u>Sunderland</u>, the court found that nurses could be considered "officials" with authority to grant accommodations to patients. <u>Sunderland</u>, 686 F. App'x at 816.  Lapham extrapolates from this holding to argue that a jury could find that the various employees he encountered at the Green Swamp had authority to grant him an accommodation.  <u>Sunderland</u>, 686 F. App'x at 816; <u>see</u> Objections at 14.  However, Lapham ignores the fact that the record in <u>Sunderland</u> included evidence that the hospital's policy provided nurses with the authority to decide when or when not to grant patients with hearing disabilities access to an interpretive aid.  <u>See Sunderland</u>, 686 F. App'x at 816.  By contrast, the record here contains no such evidence and shows only that the Green Swamp employees <u>did not</u> have authority to grant Lapham additional ATV access.

In <u>Pierce</u> and <u>Robertson,</u> the plaintiffs, both deaf detainees, had a known communication disability that made imposing a requirement to request an accommodation much more onerous.  <u>See Pierce</u>, 128 F. Supp. 3d at 269-70; <u>Robertson</u>, 500 F.3d at 1197-98.  Further, the defendants in both cases failed to provide <u>any</u> accommodation to the plaintiffs who were in their sole custody and care.  <u>See id.</u>  This is distinct from Lapham's purportedly "obvious" need for an <u>additional</u> accommodation.  Accordingly, the Magistrate Judge's finding that the employees Lapham encountered did not have the authority to grant

Lapham an accommodation is wholly supported by the record and the cases cited by Lapham do nothing to undermine that finding.

Finally, the Court rejects Lapham's contention that "whether Lt. McCorkle made a mistake pulling up the wrong map, or granted the accommodations based on obviousness, is a fact issue which should be reserved for the jury." See Objections at 17-20. Lieutenant McCorkle testified that he told Lapham that he could ride his ATV from the campsite to the hunting grounds due to a computer glitch. See Deposition of the Lieutenant George McCorkle Pursuant to Plaintiff's Amended Notice of Taking Deposition of Lieutenant George McCorkle (Doc. 78-16) at 48-50. Nothing in the record contradicts this testimony. Nevertheless, Lapham contends that a fact issue exists regarding whether Lieutenant McCorkle instead, "deemed the need for the accommodation was obvious, and using common sense, and his authority, granted them." Objections at 19 (emphasis added). As the Court discussed above, the undisputed record before the Court shows that Lieutenant McCorkle had no authority to grant ADA accommodations. As such, the issue of whether Lieutenant McCorkle experienced a computer glitch or knowingly told Lapham he could ride his ATV where he was not permitted is immaterial.

Upon independent review of the file and for the reasons set forth above, the Court will overrule the Objections and accept and adopt the legal and

factual conclusions recommended by the Magistrate Judge.   Accordingly, it is hereby

**ORDERED:**

1.   Plaintiff's Objections to Report and Recommendation (Doc. 112) are **OVERRULED.**

2.   The Report and Recommendation (Doc. 110) is **ADOPTED** as the opinion of the Court.

3.   Defendant Southwest Florida Water Management District's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 77) and Defendant Florida Fish and Wildlife Conservation Commission's Motion for Summary Judgment and Incorporated Memorandum of Law (Doc. 78) are **GRANTED.**

4.   Plaintiff's Motion for Summary Judgment Against Southwest Florida Water Management District and Memorandum of Law (Doc. 76) and Plaintiff's Motion for Summary Judgment Against Florida Fish and Wildlife Conservation Commission and Incorporated Memorandum of Law (Doc. 74) are **DENIED as moot.**

5.   The Clerk of the Court is directed to enter **JUDGMENT** in favor of Defendants and against Plaintiff.

6.    The Clerk of the Court is further directed to terminate any remaining pending motions and deadlines as moot and close the file.

**DONE AND ORDERED** in Chambers this 26th day of August, 2021.

**MARCIA MORALES HOWARD**
United States District Judge

lc28

Copies to:
Counsel of Record