UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

MICHAEL LAPHAM,

    Plaintiff,

v.   Case No: 5:19-cv-579-MMH-PRL

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION and
SOUTHWEST FLORIDA WATER
MANAGEMENT DISTRICT,

    Defendants.

## REPORT AND RECOMMENDATION[1]

Plaintiff filed this action under the Americans with Disabilities Act and Rehabilitation Act seeking damages and injunctive relief against the Florida Fish and Wildlife Conservation Commission ("FWC") and Southwest Florida Water Management District ("SWFWMD"). Defendants prevailed on summary judgment and now FWC seeks reimbursement for its costs. (Doc. 118). Plaintiff has responded. (Doc. 119). For the reasons discussed below, I recommend the motion be granted in part.

### I.  LEGAL STANDARD

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Title 28 U.S.C. § 1920 defines the costs taxable under Rule

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

54(d). *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). Section 1920 authorizes the taxing of:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

The party seeking an award of costs bears the initial burden of submitting a request that enables a court to determine what costs were incurred by the party and in what amounts. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Once this showing is made, it is the losing party that bears the burden to demonstrate that the costs are not taxable. *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005). The losing party can meet its burden by providing "some rationale under which the court should not allow costs." *Geisler v. FedEx Ground Packaging Sys., Inc.*, No. 3:12-cv-1189, 2017 WL 4404442, at *3 (M.D. Fla. Aug. 28, 2017). If the court wishes to deny costs specifically authorized by § 1920, it must have a "sound basis" for declining to tax the costs. *See Chapman v. AI Transport*, 229 F.3d 1012, 1039 (11th Cir. 2000). However, "the word 'should' [in Rule 54] makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." *Marx v. Gen. Rev. Corp.*, 568 U.S. 371, 377 (2013).

## II. DISCUSSION

As an initial matter, FWC is entitled to recover costs under Rule 54(d) by virtue of prevailing on Plaintiff's Rehabilitation Act claim. The *Christiansburg* standard, which provides the court with several factors to determine if fees are due to be awarded to a prevailing defendant,[2] has been found by other courts to not apply to claims for costs under the Rehabilitation Act. *See Estate of Martin v. Cal. V.A.*, 560 F.3d 1042, 1052-53 (9th Cir. 2009) ("To our knowledge, none of our sister circuits has applied the *Christiansburg* standard to costs under the Rehabilitation Act, and we decline to do so here."); *Alvarez v. Sch. Bd. of Broward Cty., Fla.*, No. 16-60310-CIV, 2016 WL 10518749, at *2 (S.D. Fla. Nov. 21, 2016), *report and recommendation adopted,* No. 16-60310-CIV, 2016 WL 10519180 (S.D. Fla. Dec. 12, 2016) ("The *Christiansburg* standard does not apply to claims for fees or costs under the Rehabilitation Act."). FWC seeks a total of $4,922.70 in costs, including $40 for the cost of service of summons and subpoena and $4,882.70 for the costs of printed or electronically recorded transcripts necessarily obtained for use in the case. (Doc. 116).

Plaintiff first objects to the $202.00 videography fees associated with his deposition. FWC requests $180.00 for the MPEG files, $12 for shipping and handling, and $10 for the flash drive. (Doc. 116, p. 9). Video deposition costs may be taxed under § 1920(2) if the party noticed the deposition to be recorded and no objection was raised at that time by the other

---

[2] "[A] district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412 (1978). The 11th Circuit has applied the *Christiansburg* standard to awards of attorney's fees in ADA cases. *Bruce v. City of Gainesville, Ga.,* 177 F.3d 949, 951 (11th Cir. 1999).

party to the method of recording. *Morrison v. Reichhold Chems. Inc.,* 97 F.3d 460, 464-65 (11th Cir.1996). However, video deposition costs may only be awarded if the videos were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2); *Morrison,* 97 F.3d at 465 ([O]ur determination that the taxation for the cost of video depositions is allowable under § 1920 does not end our analysis. We must decide whether the copies of the videos obtained by Reichhold were "necessarily obtained for use in the case."). Here, FWC has not explained why it was necessary to obtain videos of the deposition and only argue it was necessary to depose Mr. Lapham and the deposition transcript was attached to FWC's motion for summary judgment. Therefore, FWC's request to tax $202.00 in videography fees should be denied.

Next, Plaintiff objects to the $ 483.45 court reporter appearance fees for the depositions of Tyler Mosteller, Diana Ibarra, and Phillipe Trouillot. (Doc. 116, p. 12-17). "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case" are taxable. 28 U.S.C. § 1920(2). Although § 1920 does not specifically allow court reporter appearance fees, courts in this district have routinely permitted recovery of appearance fees.[3] Given the case law establishing that appearance fees are taxable, FWC's request to tax court reporter appearance fees should be granted.

---

[3] *Chittenden v. Hillsborough Cty.*, No. 8:19-CV-1504-TPB-AAS, 2021 WL 4155329, at *3 (M.D. Fla. Aug. 12, 2021), *report and recommendation adopted*, No. 8:19-CV-1504-TPB-AAS, 2021 WL 4148262 (M.D. Fla. Sept. 13, 2021); *Miller v. Allstate Prop. & Cas. Ins. Co.*, No. 8:17-cv-3056-T-02CPT, 2020 WL 4750888, at *1 (M.D. Fla. Aug. 17, 2020); *Chico's FAS, Inc. v. Clair,* No. 213CV792FTM38MRM, 2018 WL 1833134, at *9 (M.D. Fla. Jan. 25, 2018), *report and recommendation adopted*, No. 213CV792FTM38MRM, 2018 WL 1062726 (M.D. Fla. Feb. 27, 2018) (noting "it makes little sense" to exclude appearance fees when court reporters are necessary to conduct depositions);*Universal Physician Servs., LLC v. Zotto*, No. 8:16-CV-1274-T-36JSS, 2017 WL 2560024, at *4 (M.D. Fla. May 24, 2017), *report and recommendation adopted*, No. 8:16-CV-1274-T-36JSS, 2017 WL 2538190 (M.D. Fla. June 12, 2017) ("Court reporter appearance fees are permitted as it is necessary for the court reporter to appear and record the testimony, and then to subsequently prepare the deposition transcript; thus, the appearance fee is directly related to preparing the

Plaintiff also objects to videoconferencing and service set up costs, totaling $737.00, for the remote zoom depositions of Tyler Mosteller, Diana Ibarra, and Phillipe Trouillot. (Doc. 116, p. 12-17). Section 1920 does not specifically allow for the recovery of remote videoconferencing and service set up fees, and FWC has not provided authority of when such fees have been awarded. *See Bucklew v. Charter Commc'ns, LLC,* No. 8:19-CV-2029-TPB-AAS, 2021 WL 3621892, at *3 (M.D. Fla. July 16, 2021), *report and recommendation adopted,* No. 8:19-CV-2029-TPB-AAS, 2021 WL 3617404 (M.D. Fla. Aug. 16, 2021) (declining to award remote deposition fees). FWC's request to tax $737.00 in remote videoconferencing and service set up fees should be denied.

FWC seeks $65.00 in costs for a word index/condensed transcript for the deposition of Tyler Mosteller and $35.00 in costs for an e-litigation package for the deposition of Diana Ibarra. However, FWC has not explained whether these items were "necessarily obtained for use in the case." 28 U.S.C. § 1920; *Dang v. Sheriff of Seminole Cty., Fla.*, No. 6:14-CV-37-ORL-31TBS, 2015 WL 7271738, at *3 (M.D. Fla. Oct. 16, 2015), *report and recommendation adopted*, No. 6:14-CV-37-ORL-31TBS, 2015 WL 7253003 (M.D. Fla. Nov. 17, 2015) (determining costs for condensed deposition transcripts and other costs incurred for the convenience of counsel to be not reimbursable under § 1920). FWC's request to tax the condensed transcript and e-litigation package should be denied.

---

transcript."); *Smith v. Conner*, 8:12–CV–52–T–30AEP, 2014 WL 1652419, at *1 (M.D. Fla. Apr. 23, 2014), *aff'd sub nom. Smith v. Warden, Hardee Corr. Inst.*, 597 F. App'x 1027 (11th Cir. 2015); *but see Brown v. Riedl,* No. 3:13-CV-36-J-34PDB, 2017 WL 9360887, at *3 (M.D. Fla. Jan. 18, 2017), *report and recommendation adopted in part,* No. 3:13-CV-36-J-34PDB, 2017 WL 1161306 (M.D. Fla. Mar. 29, 2017) (determining court reporter's deposition appearance fees are not taxable because it is not listed in § 1920).

Finally, Plaintiff objects to the $2.10 cost of exhibits/photocopies for the depositions of Lee Gerald, Mark Kittel, Christian Earls, and Chris Reed because the bill of costs does not identify which deposition the photocopies apply to, and FWC does not seek costs for the depositions of Chris Reed and Christian Earls. (Doc. 116, p. 18). FWC specified in its motion that the $2.10 for deposition exhibits/photocopies is for the depositions of Lee Gerald and Mark Kittle, which are included in the bill of costs. (Doc. 118, p. 14). Therefore, the $2.10 cost for exhibits/photocopies should be taxed.

### III.  RECOMMENDATION

Accordingly, I recommend that FWC's motion to tax costs be granted in part. FWC should be awarded a total of $3,883.70 in costs.

Recommended in Ocala, Florida on November 3, 2021.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy