# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### OCALA DIVISION

MICHAEL LAPHAM,

               Plaintiff,

-vs-                                      Case No. 5:19-cv-579-MMH-PRL

FLORIDA FISH AND WILDLIFE
CONSERVATION COMMISSION and
SOUTHWEST FLORIDA WATER
MANAGEMENT DISTRICT,

               Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Motion for
Reconsideration and to Amend or Alter Judgment (Doc. 117; Motion), filed on
September 13, 2021.  Citing both Rules 59(e) and 60(b) of the Federal Rules of
Civil Procedure (Rule(s)), Lapham seeks reconsideration of the Court's Order
(Doc. 114; Summary Judgment Order) overruling Plaintiff's Objections to
Report and Recommendation (Doc. 112; Report), adopting the Report and
Recommendation (Doc. 110), granting Defendant Southwest Florida Water
Management District's Motion for Summary Judgment and Incorporated
Memorandum of Law (Doc. 77) and Defendant Florida Fish and Wildlife
Conservation Commission's Motion for Summary Judgment and Incorporated
Memorandum of Law (Doc. 78), and denying as moot Plaintiff's Motion for

Summary Judgment Against Southwest Florida Water Management District and Memorandum of Law (Doc. 76) and Plaintiff's Motion for Summary Judgment Against Florida Fish and Wildlife Conservation Commission and Incorporated Memorandum of Law (Doc. 74).  See generally Motion.  Lapham contends that the Court should grant his Motion to "remedy clear errors of fact and law."  Id. at 2.  On September 24, 2021, Florida Fish and Wildlife Conservation Commission (FWC) and Southwest Florida Water Management District filed Defendants' Response Memorandum to Plaintiff's Motion for Reconsideration and to Amend or Alter Judgment (Doc. 120; Response).  Upon review, the Court finds that the Motion is due to be denied.

A motion to alter or amend a judgment may be filed pursuant to Rule 59(e).[1]  Rule 59(e) affords the Court discretion to reconsider an order which it

---

[1] The Federal Rules of Civil Procedure do not specifically provide for the filing of a motion for reconsideration.  Van Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991); Controlled Semiconductor, Inc. v. Control Systemation, Inc., No. 6:07-cv-1742-Orl-31KRS, 2008 WL 4459085, at *1 (M.D. Fla. Oct. 1, 2008).  It is widely recognized, however, that Rule 59(e) (which governs motions "to alter or amend a judgment") encompasses motions for reconsideration.  Controlled Semiconductor, Inc., 2008 WL 4459085, at *1 (citing 11 Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice & Procedure 2d § 2810.1 (2007)).

In his Motion, Lapham cites both Rule 59(e) and Rule 60(b) as the basis for the relief he seeks.  Motion at 1, 3.  Upon review of the Motion, it appears that Lapham seeks reconsideration of the merits of the dispute addressed in the Court's Summary Judgment Order, consistent with the purposes of Rule 59(e).  Shaarbay v. Florida, 269 F. App'x 866, 867 (11th Cir. 2008) (citing Wright v. Preferred Research, Inc., 891 F.2d 886, 889 (11th Cir. 1990)).  Indeed, "[a] motion requesting the setting aside of summary judgment and a trial on the merits of the case is best characterized as a Rule 59(e) motion."  Rance v. D.R. Horton, Inc., 316 F. App'x 860, 863 (11th Cir. 2008) (citing Mays v. United States Postal Serv., 122 F.3d 43, 46 (11th Cir. 1997)).  Additionally, Lapham filed the Motion within twenty-eight days after the entry of the Summary Judgment Order, as required by Rule 59(e).  See Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Fla. 1994); see also

has entered.  See Mincey v. Head, 206 F.3d 1106, 1137 (11th Cir. 2000); O'Neal

v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992).  "The only grounds for

granting a Rule 59 motion are newly[ ]discovered evidence or manifest errors

of law or fact."  Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations

and citations omitted).  This Court has interpreted those parameters to include

"(1) an intervening change in controlling law; (2) the availability of new

evidence; and (3) the need to correct clear error or manifest injustice."  Lamar

Advertising of Mobile, Inc. v. City of Lakeland, Fla., 189 F.R.D. 480, 489 (M.D.

Fla. 1999).  For example, reconsideration may be appropriate where "the Court

has patently misunderstood a party."  O'Neill v. The Home Depot U.S.A., Inc.,

243 F.R.D. 469, 483 (S.D. Fla. 2006).

The purpose of Rule 59 is not to ask the Court to reexamine an

unfavorable ruling in the absence of a manifest error of law or fact.  Jacobs v.

Tempur-Pedic Int'l., Inc., 626 F.3d 1327, 1344 (11th Cir. 2010).  As such, Rule

59(e) cannot be used "to relitigate old matters, raise argument or present

---

Rance, 316 F. App'x at 863 (explaining that a post-judgment motion to alter or amend the
judgment served within the time for filing a Rule 59 motion other than a motion to correct
purely clerical errors, "is within the scope of Rule 59(e) regardless of its label"); Mahone v.
Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003).  Accordingly, the Motion is properly construed
as falling under Rule 59(e).  Moreover, even if the Court were to consider the Motion under
Rule 60(b), doing so would not produce a different result.  "A 'significantly higher' standard
is generally used to decide whether a movant is entitled to relief under Rule 60(b)."  Holland
v. Tucker, No. 06-CIV-20182, 2012 WL 2412115, at *2 n.1 (S.D. Fla. June 26, 2012) (quoting
Vanderberg v. Donaldson, 259 F.3d 1321, 1326 (11th Cir. 2001)).  Therefore, if Lapham is not
entitled to relief under Rule 59(e), he also is not entitled to relief under Rule 60(b), and the
Court need not address his arguments under Rule 60(b) separately.

evidence that could have been raised prior to the entry of judgment." <u>Michael Linet, Inc. v. Village of Wellington, Fla.</u>, 408 F.3d 757, 763 (11th Cir. 2005). Additionally, motions to alter or amend "should not be used to raise arguments which could, and should, have been made before the judgment was issued." <u>O'Neal</u>, 958 F.2d at 1047 (quotations and citations omitted).   Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites of the apple.'" <u>Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc.</u>, 763 F.2d 1237, 1239 (11th Cir. 1985); <u>see also</u> <u>Mincey</u>, 206 F.3d at 1137 n.69 (citation omitted); <u>Mays v. United States Postal Service</u>, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law"). Accordingly, the Eleventh Circuit Court of Appeals has held that the "[d]enial of a motion for reconsideration is especially sound when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage of the litigation." <u>Sanderlin v. Seminole Tribe of Fla.</u>, 243 F.3d 1282, 1292 (11th Cir. 2001) (internal quotations and citation omitted).  Moreover, "[w]hen evaluating a motion for reconsideration, a court should proceed cautiously, realizing that 'in the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" <u>United States v. Bailey</u>, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Of the limited grounds for relief under Rule 59(e), Lapham argues that reconsideration is necessary here to remedy clear error and prevent manifest injustice. <u>See</u> Motion at 2. Specifically, Lapham contends that the Court:

> 1.) Incorrectly held Plaintiff failed to bring forth the failure to train staff argument to the magistrate [judge]; 2.) Failed to find Defendants'[sic] had the opportunity to "assess" the accommodations; and 3.) Failed to accept all inferences in the best light to the nonmoving party and adopted all of the disputed facts of the moving party.

Motion at 2. While Lapham's Motion is premised largely on previously raised and rejected arguments, the Court writes briefly to address Lapham's specific points.

First, Lapham contends that the Court improperly found that his failure to train argument was not presented to the Magistrate Judge. Motion at 3-6. This argument misconstrues the Court's holding. The Court "decline[d] to consider Lapham's newly raised argument which [wa]s premised on a document not presented to the Magistrate Judge." Summary Judgment Order at 7. Indeed, Lapham concedes, "[i]t is true Plaintiff cited to the document U.S. Department of Justice's ADA Guidance for State and Local Government <u>only in his Objections</u> to the R&R." Motion at 3 (emphasis added). The Magistrate Judge properly rejected Lapham's "failure to train" arguments to the extent they were raised in his motions for summary judgment and the Court declined to consider his new argument in reliance on a document not presented to the

Magistrate Judge in adopting the Report.  Moreover, as an alternative finding, the Court concluded that Lapham's argument was unavailing on the merits and that the objection was still due to be overruled on that basis.  <u>See</u> Summary Judgment Order at 7, n. 1.  As such, Lapham's argument fails regardless of whether it was first presented to the Magistrate Judge.

To the extent Lapham maintains that the Court's ruling results in manifest injustice, the Court is not persuaded.  Lapham insists that the Court's holding

> deals a fatal blow to his Complaint requiring <u>Plaintiff</u> to be <u>trained</u> to know that calling a publicly advertised phone number, on a publicly provided form, and asking to speak to the person who knows about ADA compliance at Green Swamp, and not being told to submit his request elsewhere, is not sufficient to make an request for an accommodation.

Motion at 5.  The Court's Summary Judgment Order imposes no such requirement on Lapham.  Instead, the Court determines only that under the specific facts of this case, Lapham failed to request an accommodation. Lapham has continuously failed to point to any authority in support of his argument that he should be excused from complying with FWC's established procedure for requesting accommodations and certainly no authority that suggests requiring him to follow such procedure amounts to manifest injustice. <u>See</u> Summary Judgment Order at 8.

Additionally, Lapham contends that the Court overlooked evidence that demonstrates that Defendants had other opportunities to assess whether Lapham needed accommodations. Id. at 6-11. In support, Lapham points to Arrie Gibson's prior complaint to FWC and relies on Proctor v. Prince George's Hosp. Ctr., 32 F. Supp. 2d 820 (D. Md. 1998) and Falls v. PG Hosp. Ctr., No. CIV.A. 97-1545, 1999 WL 33485550 (D. Md. Mar. 16, 1999). The Court rejected these arguments in the Summary Judgment Order and declines to address them again here.

Finally, Lapham maintains that the Court improperly held that the FWC employee who answered Lapham's call, "was not [a person] designated on the ADA form." Motion at 11. In the Summary Judgment Order the Court concluded that "the Magistrate Judge's finding that the employees Lapham encountered did not have the authority to grant Lapham an accommodation is wholly supported by the record and the cases cited by Lapham do nothing to undermine that finding." Summary Judgment Order at 11-12. This included the FWC employee who answered Lapham's call. In the Motion, Lapham states that "the identity of the FWC employee who answered the publicly advertised phone line is not known," and insists that it is for the jury to decide whether that employee was in the appropriate division designated to those seeking accommodation requests. See Motion at 11-13. It is unclear how the jury could make such a finding when Lapham admittedly has not presented

any evidence regarding the identity of the employee who answered the phone. Nevertheless, the undisputed record establishes that Paul Clemons was the person designated to review all ADA Accommodation Requests and that those seeking additional information about ADA policies and procedures were instructed to direct any questions to him.  See Declaration of Paul Clemons (Doc. 78-1; Clemons Decl.) at 5; see also ADA Accommodation Request Form (Doc. 86-6).  Clemons did not receive a request from Lapham, nor did he speak to him over the phone.  Clemons Decl. at 6.  Thus, the record unequivocally establishes that the employee who answered Lapham's call was not the person designated to receive accommodation requests.  As the Court has already explained, "[v]iewing the evidence in the light most favorable to the nonmoving party does not permit the Court to ignore uncontradicted evidence that is unfavorable to that party."  Summary Judgment Order at 9.

It is evident that Lapham is dissatisfied with the outcome of his case and disagrees with the Court's reasoning and its conclusion.  However, Lapham has presented no basis for the Court to reconsider or amend its Summary Judgment Order.  He merely seeks to relitigate issues already resolved by this Court.  As such, the Motion will be denied.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Reconsideration and to Amend or Alter Judgment

(Doc. 117) is **DENIED**.

**DONE AND ORDERED** in Chambers, on March 29, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc28

Copies to:

Counsel of record